FILED
August 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAMUEL KOBRINSKY, et. al. § | |
| Plaintiffs § | |
| § | |
| v. § | CIVIL NO. 5:23-CV-29-OLG |
| § | |
| § | |
| GREAT AMERICAN INSURANCE CO. § | |
| Defendant § | |

**ORDER**

Pending before the Court is Defendant's motion for partial dismissal. Docket no. 5. Plaintiffs filed a response (docket no. 6) and Defendant filed a reply (docket no. 8). The Court has reviewed the pleading and considered the parties' arguments and finds that Defendant's motion for partial dismissal should be granted.

The issue is whether Plaintiffs' unfair insurance practice allegations concerning Section 541.060(a)(1) satisfy the pleading requirements under Rules 9(b)[1] or 8(a)[2] of the Federal Rules of Civil Procedure. The Court finds they do not. Misrepresentation claims are subject to Rule 9(b). Plaintiffs' complaint does not specify, with particularity, any statements made by Defendant that misled Plaintiffs concerning a specific policy provision or the policy in general. Further, Plaintiffs' unfair insurance practice allegations do not satisfy Rule 8(a) because Plaintiffs'

---

[1] *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").
[2] *See* FED. R. CIV. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

1

recitation of the statutory elements of Section 541.060(a)(1) are bare assertions that do not state a claim showing they are entitled to relief.

### A. Factual and procedural background

This case arises from Plaintiffs' insurance claims under a policy issued by Defendant after water damage to their property. (*See* Pl.'s Original Pet., ECF No. 1–4, at 6.) Plaintiffs allege they purchased a commercial excess insurance policy from Defendant "to cover property losses for the policy period of March 31, 2020 to March 31, 2021 at the Kobrinsky Properties." (*Id.*) In February 2021, during the subject policy period, a winter storm froze and ruptured water pipes in Plaintiffs' properties which "resulted in substantial interior water damage to those buildings." (*Id.*) Plaintiffs notified Defendant of the property damage, Defendant assigned a claim number to the loss, and Defendant assigned Dan Moore, Defendant's in-house adjuster, to handle the claim. (*Id.*)

Plaintiffs allege that Defendant's additional hiring of adjusters to help evaluate and prepare estimates for the loss was for Defendant's own benefit. (*See id.* at 7) ("[The adjusters] are biased for insurers and would give [Defendant] result-oriented estimates and reports so [Defendant] could low-ball Plaintiffs' water damage insurance claim."). Additionally, Plaintiffs assert that Defendant and Moore misrepresented the amount of information Defendant required to continue adjusting the claim through Moore's communications with Plaintiffs' adjuster, Jason Lanier. (*See* Pl.'s Resp. to Mot. for Partial Dismissal, ECF No. 6, at 5; Pl.'s Original Pet., ECF No. 1–4, at 8.) Plaintiffs allege that Defendant and Moore misrepresented their actions in requesting "estimates from Lanier for five months" because one of Defendant's consultants, Mark Sage of DND Construction Services, LLC, should have known the estimates were actively being developed. (*See* Pl.'s Original Pet., ECF No. 1–4, at 22; Pl.'s Resp. to Mot. for Partial Dismissal, ECF No. 6, at 5.)

2

Plaintiffs filed suit in the 225th District Court, Bexar County, Texas on December 5, 2022, alleging causes of action for breach of contract, violation of Chapter 542 of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, unfair insurance practices (Chapter 541 of the Texas Insurance Code), and breach of duty of good faith and fair dealing. (*See* Pl.'s Original Pet., ECF No. 1-4, at 14–18.) On January 9, 2023, Defendant timely removed the case to this Court based on diversity jurisdiction, (Def.'s Notice of Removal, ECF No. 1, at 1.), and filed its motion for partial dismissal shortly thereafter. (Def.'s Mot. for Partial Dismissal, ECF No. 5, at 1.)

### B.  Applicable standards

A dismissal is proper if the complaining party fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "A [c]omplaint must give the defendant fair notice of plaintiff's claim and the grounds upon which the plaintiff relies." *Janssen v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 4200618, at *1 (W.D. Tex. Sept. 14, 2021) (first citing FED. R. CIV. P. 8; and then citing *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987)). Such grounds for entitlement to relief "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Claims concerning fraud, misrepresentation, or mistake must adhere to Rule 9(b)'s particularity requirement. *Cortez v. W. Mut. Ins. Co.*, 2019 WL 10349397, at *2 (W.D. Tex. June 24, 2019). As interpreted by the Fifth Circuit, Rule 9(b)'s heightened pleading standard

3

requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Concerning Sections 541 and 542 of the Texas Insurance Code, such state law claims are subject to Rule 9(b) "where the gravamen of the claim is fraud." *See Cortez*, 2019 WL 1034937, at *2 (first quoting *Gonzalez v. State Farm Lloyds*, 2017 WL 6597181, at *2 (S.D. Tex. Aug. 17, 2017); then citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); and then citing *Tedder v. USF & G Specialty Ins. Co.*, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011)); *Reyna v. Allstate Tex. Lloyd's*, 2019 WL 13080135, at *4 (W.D. Tex. Jan. 16, 2019) (using Rule 9(b) to assess a plaintiff's Texas Insurance Code claim).

### C. Plaintiffs' Unfair Insurance Practice Claims Fail to Satisfy Rule 9(b)

Plaintiffs allege that Defendant engaged in "unfair and deceptive acts or practices . . . in violation of Chapter 541 of the Texas Insurance Code." (Pl.'s Original Pet., ECF No. 1–4, at 16.) Although Plaintiffs' complaint does not cite any specific provision within Chapter 541, the language used in Plaintiffs' cause of action for unfair insurance practices aligns with the language used in Section 541.060. Section 541.060 of the Texas Insurance Code states, in pertinent part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> (1) Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue . . . .

TEX. INS. CODE ANN. § 541.060.

Plaintiffs' original complaint broadly states that Defendant misrepresented "pertinent facts or policy provisions." (Pl.'s Original Pet., ECF No. 1–4, at 17.) Specifically, Plaintiffs' misrepresentation allegations are the following:

4

> C. Misrepresenting to Plaintiffs **pertinent facts or policy provisions** relating to the coverage at issue . . .
>
> F. Refusing to properly pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim and by **conducting a sham investigation that ignored and excluded pertinent items of Plaintiffs' loss** . . . .

(*Id.*) (emphasis added). Aside from using the boilerplate language of Section 541.060(a)(1) and perhaps relying on Moore's statements that "the insureds failed to provide adequate information to support its loss rental claim and also failed to attempt to mitigate the loss," Plaintiffs' complaint lacks specificity as to any material representations about coverage that were allegedly false.[3] Allegations such as those asserted by Plaintiffs do not satisfy Rule 9(b)'s heightened pleading standard. *See Ngakoue v. Safeco Ins. Co. of Indiana*, 2022 WL 17814202, at *8 (W.D. Tex. Dec. 19, 2022) (precluding an assertion of misrepresentation claims under Section 541.060(a)(1) because the "allegations do not 'point to any untrue statement made by [the defendant] regarding the policy" (quoting *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012))); *Carr Enterprises Inc. v. Acadia Ins. Co.*, 2022 WL 965031, at *4 (E.D. Tex. Mar. 30, 2022) (granting a motion to dismiss because the plaintiff's "complaint allege[d] facts related to its policy claim, not that defendant misrepresented something about a specific aspect or detail of the policy"); *Laguna Enters, LLC v. Westchester Surplus Lines Ins. Co.*, 2022 WL 951233, at *3 (S.D. Tex. Mar. 22, 2022) (acknowledging "vague summaries of . . . limited interaction" do not satisfy Rule 9(b)).

Plaintiffs erroneously assert that Rule 9(b) does not apply to their misrepresentation claims.[4] Case law indicates the opposite. Critically, this Court has established that allegations concerning Section 541.060(a)(1) must "satisfy the particularity

---

[3] (*See* Pl.'s Original Pet., ECF No. 1–4, at 8, 17.) It is difficult to evaluate the entirety of Plaintiffs' misrepresentation claims—when focusing on the alleged statements made by Moore—because Plaintiffs' original complaint does not include Moore's December 1, 2021 letter as an exhibit.

[4] *See* Pl.'s Resp. to Mot. for Partial Dismissal, ECF No. 6, at 4–5 (asserting a split amongst the courts concerning the applicability of Rule 9(b) to extra-contractual claims under the DTPA and Texas Insurance Code).

requirements of Rule 9(b)." *Perez v. Allstate Vehicle & Prop. Ins. Co.*, 2022 WL 1118955, at *3 (W.D. Tex. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 1118952 (W.D. Tex. Mar. 9, 2022); *see Janssen v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 4200618, at *2 (W.D. Tex. Sept. 14, 2021) ("[A]lleged violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent concealment or negligent misrepresentation are subject to Federal Rule 9(b)'s particularity requirements . . . ."); *Don Strange of Tex., Inc. v. Cincinnati Ins. Co.*, 2020 WL 8410466, at *3 (W.D. Tex. Sept. 14, 2020) (acknowledging a 541.060(a)(1) allegation "must be pled with particularity because it sounds in fraud" (citing *Tiras v. Encompass Home & Auto Ins. Co.*, 2011 WL 5827298, at *3 (S.D. Tex. Nov. 17, 2011))).

### D. Plaintiffs' Unfair Insurance Practice Claims Fail to Satisfy Rule 8(a)

Even considering the application of a lesser pleading standard, Plaintiff's complaint—asserting conclusory allegations and reciting statutory elements—does not allege sufficient facts to satisfy Rule 8(a).[5] *Aviles v. Allstate Fire and Casualty, Insurance Company* is insightful on this point. In *Aviles*, the court held that plaintiff's "misrepresentation claims alleged under Section 541.060(a)(1) do not satisfy *either* Rule 9(b)'s heightened pleading standard *or* the lesser standard under Rule 8(a)." *Aviles v. Allstate Fire & Cas., Ins. Co.*, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019), *report and recommendation adopted*, 2019 WL 3412433 (S.D. Tex. July 29, 2019). In *Aviles*, the plaintiff did not satisfy Rule 8(a) because the allegations "did not offer any non-conclusory facts." *Id.* Like *Aviles*, Plaintiffs' bare assertion that Defendant "[m]isrepresent[ed] to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue" is conclusory at best. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721,

---

[5] *E.g., Jiminez v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 6123137, at *2 (W.D. Tex. Apr. 2, 2020) (holding plaintiff did not satisfy Rule 8 because the complaint "recit[ed] . . . elements in the causes of action for misrepresentation" and was "composed of vague, generalized, and conclusory allegations").

724 (N.D. Tex. 2014) ("The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."); *Gloria v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 8807403, at *4 (S.D. Tex. Dec. 30, 2018) ("[Plaintiff's] statutory misrepresentation claim contains nothing more than legal conclusions couched as factual allegations." (citing *Iqbal*, 556 U.S. at 678)).

Upon reviewing the factual allegations and causes of action for unfair insurance practices, it is clear that Plaintiffs have failed to sufficiently meet their burden under Rules 9(b) and 8(a). Plaintiffs' threadbare assertions, mainly comprised of reciting the statutory elements of Section 541.060(a)(1), do not plausibly state a claim entitled to relief pursuant to Rule 12(b)(6). Furthermore, Plaintiffs' misrepresentation claims fail to satisfy the pleading standards of Rules 9(b) and 8(a) because the claims are devoid of specificity.

It is therefore ORDERED that Defendant's motion for partial dismissal (docket no. 5) is GRANTED. As Defendant noted, Plaintiffs already had one opportunity to amend and failed to do so. Docket no. 8, pp. 5-6. Nevertheless, Plaintiffs will be given one more opportunity to amend their complaint to correct these deficiencies in their pleading and they must do so within 14 days from the date below. Otherwise, the claims will remain dismissed.

It is so ORDERED this __3__ day of August, 2023.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE